## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **GEORGE CAPLAN**, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**MEDICAL GUARDIAN, LLC,**<br><br>　　　　　　　　　　Defendant. | No.<br><br>CLASS ACTION COMPLAINT<br><br><u>JURY TRIAL DEMANDED</u> |

## **CLASS ACTION COMPLAINT**

1.　George Caplan ("Plaintiff"), through his attorneys, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant Medical Guardian, LLC ("Medical Guardian" or "Defendant").

2.　This class action arises from Defendant's persistent disregard for federal law—specifically, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3.　Defendant uses unlawful and invasive telemarketing tactics to drum up business. And Defendant flooded Plaintiff with invasive telemarketing solicitations in clear violation of the TCPA.

4.　Now, Plaintiff brings this class action on behalf of himself, and all others harassed by Defendant and its unlawful telemarketing tactics.

## **PARTIES**

5.　Plaintiff, George Caplan, is a natural person and a citizen of Massachusetts where he intends to remain.

1

6. Defendant, Medical Guardian, LLC, is a limited liability company incorporated in Pennsylvania and with its principal place of business at 1818 Market Street, Suite 1200, Philadelphia, PA.

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C. § 227.

8. This Court has personal jurisdiction over Defendant because it directed telemarketing calls to Massachusetts which establishes sufficient minimum contacts for claims arising from those telemarketing calls. As explained herein, Plaintiff received telephone solicitations to his telephone with an area code "978" which is associated with Massachusetts.[1] Thus, Defendant knew, or should have known, that it was directing telephone solicitations into Massachusetts.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## BACKGROUND

*The Telephone Consumer Protection Act*

10. Congress enacted the Telephone Consumer Protection Act ("TCPA") to combat "the proliferation of intrusive, nuisance calls to consumers and businesses from telemarketers." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021) (internal quotation omitted).

11. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government

---

[1] *North American Area Codes*, AT&T (Oct. 2017) https://www.att.com/ecms/dam/att/smb/help/pdf/Area-Codes-N-America-by-State.pdf.

receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 591 U.S. 610, 613 (2020).

12.　"The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

13.　As used herein, "TCPA" refers to both the federal statute 47 U.S.C. § 227 *et seq.* and its implementing regulations 47 C.F.R. § 64.1200 *et seq.*

14.　The TCPA establishes a "private right of action" whereby persons can seek both injunctive and monetary relief. 47 U.S.C. §§ 227(b)(3), (c)(5).

15.　For damages, the TCPA provides "$500 in damages for each such violation[.]" 47 U.S.C. §§ 227(b)(3), (c)(5). However, the TCPA provides treble damages of $1,500 for each "willful" or "knowing" violation. *Id*.

16. Telemarketing is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to a person." 47 C.F.R. § 64.1200(f)(13).

17. The term "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services[.]" 47 C.F.R. § 64.1200(f)(15).

18. The TCPA prohibits the use of artificial or prerecorded voices when calling cellular telephone numbers. 47 U.S.C. § 227(b)(1)(A)(iii).

19. The TCPA prohibits the use of artificial or prerecorded voices when calling residential telephone numbers. 47 U.S.C. § 227(b)(1)(B).

20. The TCPA prohibits calling any "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. §§ 64.1200(c)(2). Notably, "[s]uch do-not-call registrations must be honored indefinitely[.]" *Id*.

21. For such violations, the TCPA provides a private right of action for any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]" 47 U.S.C. § 227(c)(5).

***Plaintiff George Caplan***

22. Plaintiff is an individual and a "person" under the meaning of 47 U.S.C. § 153(39).

23. Plaintiff's residential cellular telephone number is (978) 496-XXXX (the "telephone number").

24. To avoid unsolicited telemarketing calls, Plaintiff personally placed his telephone number on the National Do-Not-Call Registry on April 27, 2019. Since then, Plaintiff has not removed his telephone number from the National Do-Not-Call Registry.

25. Plaintiff uses his telephone number for personal, residential, and household purposes (such as calling friends, family, and scheduling personal appointments).

26. Plaintiff essentially pays for his cellphone usage on a per-minute basis, as his prepaid service provides a limited allotment of call minutes that are consumed with each call.

27. Plaintiff has not used his telephone number for business purposes.

28. Plaintiff has not associated his telephone number with any business.

29. Plaintiff has never received a reimbursement from any business for his telephone number.

30. Plaintiff has never taken a business-related tax-deduction for his telephone number.

31. Plaintiff is not a current or former customer of Defendant.

32. Plaintiff has never had a business relationship with Defendant.

33. Plaintiff never provided his telephone number to Defendant.

34. Plaintiff has never consented to receive the alleged telephone solicitations from Defendant.

*Defendant Engages in Telemarketing*

35. Defendant is a company that provides "remote patient monitoring and healthcare services."[2]

36. Simply put, Defendant sells medical alert devices and services.

---

[2] *About Us*, MEDICAL GUARDIAN, https://www.medicalguardian.com/about-us (last visited December 23, 2025).

37. A screenshot of Defendant's website is provided below.[3]



38. Notably, in Defendant's industry, telemarketing is a widespread and standard practice.[4]

39. To sell its medical alert devices and services, Defendant (or its third-party agents) engages in telemarketing campaigns.

40. Defendant has already received numerous complaints about its unlawful telemarketing practices.

41. Screenshots of consumer complaints to the Better Business Bureau are provided below.[5]

---

[3] *Id*.

[4] *Occupational Employment and Wage Statistics: Telemarketers*, U.S. CENSUS BUREAU (May 2023) https://www.bls.gov/oes/2023/may/oes419041.htm.

[5] *Medical Guardian Business Profile,* BETTER BUSINESS BUREAU, https://www.bbb.org/us/pa/philadelphia/profile/medical-alarm/medical-guardian-llc-0241-194803929/complaints?sort=recent&status=&type=salesadvertising (last visited December 23, 2025).

> **Initial Complaint**
> Date: 08/05/2025
> Type: Sales and Advertising Issues
> Status: Answered
>
> The company constantly calls trying to sell me a device that I recently bought from them. They have robo-called 10 times in 5 days. I am registered on the *** list with the **** and still they call.

> **Initial Complaint**
> Date: 04/28/2025
> Type: Sales and Advertising Issues
> Status: Resolved
>
> Hello, I have been receiving unsolicited advertising calls from this company. The first few times that I was called, I informed the company that I did not sign up for the service nor did I have any wish to sign up. I'd love to know how they got my information on. But most importantly would be for them to cease reaching out to me. I did ask to be put on a do not call list and to please remove me from their listings. Despite my ask, I continue to get calls several weeks later. Thank you for any assistance that can be provided.

> **Initial Complaint**
> Date: 04/26/2025
> Type: Sales and Advertising Issues
> Status: Answered
>
> Not a customer but have received dozens of calls in the last week, all leaving messages. When I block one number, I get called by another number and left the same recorded message.

***Defendant violated the TCPA***

42. As explained below, Defendant violated the TCPA numerous times.

43. On November 5, 2025, at 1:26 PM, Defendant used the telephone number (978) 654-3778 to place a prerecorded call to Plaintiff.

44. Plaintiff answered the call, and Defendant then attempted to solicit Plaintiff to purchase Medical Guardian's medical devices.

45. Plaintiff was not interested in purchasing Defendant's products or services.

46. Despite this, on November 12, 2025, at 8:39 a.m., Defendant used telephone number (978) 925-9531 to place a prerecorded call to Plaintiff.

47. Plaintiff answered the call, and Defendant again attempted to solicit Plaintiff to purchase Medical Guardian's medical devices.

48. The aforementioned calls were "spoofed" to appear as though they originated from phone numbers (978) 654-3778 and (978) 925-9531. "Spoofing" is a technique that is used to conceal the true identity of the caller and unlawful nature of the call. Spoofed calls frequently display the same area code as the call recipient to deceive individuals into believing the call is legitimate or from someone they recognize, thereby increasing the likelihood that the call will be answered.

49. The telephone calls featured a crisp and articulate voice characteristic of a "chatbot" and noticeably lacked the typical pauses, missteps, and "filler words" (e.g., "um") that characterize normal human speech. Thus, on information and belief, the telephone calls in question used a prerecorded or artificial voice.

50. The prerecording then transferred Plaintiff to a representative who further attempted to solicit Plaintiff to purchase Medical Guardian's medical devices.

51. The aforementioned telephone solicitations to Plaintiff were unwanted, nonconsensual encounters, as Plaintiff never provided his consent or requested the calls.

52. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed.

53. On information and belief, Defendant will continue to place numerous telephonic solicitations to Plaintiff and Class Members.

## CLASS ACTION ALLEGATIONS

54.    Plaintiff brings this class action under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3), individually and on behalf of the following:

> **National Do-Not-Call Registry Class**: All persons in the United States (1) whose telephone numbers were on the National Do-Not-Call Registry for at least 31 days (2) but then received two or more telephone calls from, or on behalf of, Defendant (3) during a 12-month period and (4) within four years prior to the commencement of this litigation and up until the date of trial.

> **Prerecorded Voice Class**: All persons in the United States (1) whose telephone number (2) received one or more telephone calls from, or on behalf of, Defendant (3) during a 12-month period, (4) within four years prior to the commencement of this litigation and up until the date of trial, and (5) when the telephone call used a prerecorded or artificial voice.

55.    Together, the various classes are referred to as the "Class."

56.    Excluded from the Class are Defendant, its agents, affiliates, parents, subsidiaries, any entity in which Defendant has a controlling interest, any Defendant officer or director, any successor or assign, and any Judge who adjudicates this case, including their staff and immediate family.

57.    Plaintiff reserves the right to amend the class definition.

58.    Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on class-wide bases using the same evidence as would be used to prove those elements in individual actions asserting the same claims.

59.    **Ascertainability**. All members of the proposed Class are readily ascertainable from information in Defendant's custody and control. Specifically, all members of the proposed Class can be ascertained through analysis of Defendant's phone records.

60. **Numerosity**. The Class Members are so numerous that joinder of all Class Members is impracticable. Upon information and belief, the proposed Class includes at least several thousand members. After all, telemarketing campaigns necessarily involve communication with large groups of people.

61. **Typicality**. Plaintiff's claims are typical of those of Class Members because all such claims arise from Defendant's unlawful telemarking practices.

62. **Adequacy**. Plaintiff will fairly and adequately protect the proposed Class's common interests. His interests do not conflict with Class Members' interests. And Plaintiff's counsel has substantial experience in complex class action litigation and an expertise in TCPA litigation.

63. **Commonality and Predominance**. Plaintiff's and the Class's claims raise predominantly common fact and legal questions—which predominate over any questions affecting individual Class Members—for which a class wide proceeding can answer for all Class Members. In fact, a class wide proceeding is necessary to answer, *inter alia*:

    a. whether Defendant violated the TCPA;

    b. whether Defendant violated the TCPA willfully and knowingly;

    c. whether Plaintiff is entitled to statutory damages;

    d. whether Plaintiff is entitled to treble damages;

    e. whether Defendant should be enjoined from further TCPA violations.

64. **Superiority**. A class action will provide substantial benefits and is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class Members are relatively small compared to the burden and expense that individual litigation against Defendant would require. Thus, it would

be practically impossible for Class Members, on an individual basis, to obtain effective redress for their injuries. Not only would individualized litigation increase the delay and expense to all parties and the courts, but individualized litigation would also create the danger of inconsistent or contradictory judgments arising from the same set of facts. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, ensures economies of scale, provides comprehensive supervision by a single court, and presents no unusual management difficulties.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do-Not-Call Registry Class)**

65. Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

66. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, by making telemarketing solicitations, except for emergency purposes, to the Plaintiff and the National Do-Not-Call Class despite their numbers being on the National Do-Not-Call Registry.

67. Defendant violated the TCPA willfully or knowingly.

68. Plaintiff and National Do-Not-Call Class Members seek statutory damages of $500 (or $1,500) for each unlawful telephone call.

69. Plaintiff and National Do-Not-Call Class Members seek injunctive relief prohibiting Defendant from making further unlawful telephonic solicitations to Plaintiff and National Do-Not-Call Class Members.

## SECOND CAUSE OF ACTION
### Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(d)
### (On Behalf of Plaintiff and the Prerecorded Call Class)

70. Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

71. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, by making telephonic solicitations, except for emergency purposes, to the Plaintiff and the Prerecorded Call Class while using a prerecorded and/or artificial voice.

72. Defendant violated the TCPA willfully or knowingly.

73. Plaintiff and Prerecorded Call Class Members seek statutory damages of $500 (or $1,500) for each unlawful telephone call.

74. Plaintiff and Prerecorded Call Class Members seek injunctive relief prohibiting Defendant from making further unlawful telephonic solicitations to Plaintiff and Prerecorded Call Class Members.

## PRAYER FOR RELIEF

Plaintiff and Class Members respectfully request judgment against Defendant and that the Court enter an order:

A. Certifying this case as a class action on behalf of Plaintiff and the Class, appointing Plaintiff as class representative, and appointing his counsel to represent the Class;

B. Awarding statutory damages to Plaintiff and Class Members;

C. Providing the injunctive relief requested herein; and

D. Granting such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial for all claims so triable.

Date: December 23, 2025

                                                Respectfully submitted,

                                                By: */s/ Anthony I. Paronich*
                                                Anthony I. Paronich
                                                **PARONICH LAW, P.C.**
                                                350 Lincoln Street, Suite 2400
                                                Hingham, MA 02043
                                                T: (617) 485-0018
                                                anthony@paronichlaw.com

                                                Carly M. Roman *(pro hac vice* forthcoming)
                                                **STRAUSS BORRELLI PLLC**
                                                980 N. Michigan Avenue, Suite 1610
                                                Chicago, Illinois 60611
                                                T: (872) 263-1100
                                                F: (872) 263-1109
                                                croman@straussborrelli.com

                                                *Attorneys for Plaintiff and Proposed Class*