**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| George Caplan, individually and on behalf of all others similarly situated, | : | Case No. 1:25-cv-13959-WGY |
|  | : |  |
| Plaintiff, | : |  |
| v. | : |  |
|  | : |  |
| Medical Guardian, LLC, | : |  |
|  | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

**DEFENDANT MEDICAL GUARDIAN, LLC'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Medical Guardian, LLC ("Defendant") hereby answers Plaintiff George Caplan's ("Plaintiff") Class Action Complaint ("Complaint") as follows:

In responding to the Complaint, Defendant denies all allegations contained therein unless specifically admitted below in response to the Complaint.

**CLASS ACTION COMPLAINT**

1.      George Caplan ("Plaintiff"), through his attorneys, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant Medical Guardian, LLC ("Medical Guardian" or "Defendant").

**ANSWER:**    Admitted in part; denied in part.  It is admitted that Plaintiff has filed the Complaint against Defendant and purports to represent a class of individuals.  However, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.

2.      This class action arises from Defendant's persistent disregard for federal law—specifically, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required.  Defendant states that the Telephone Consumer Protection Act ("TCPA") speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 2.

3.      Defendant uses unlawful and invasive telemarketing tactics to drum up business. And Defendant flooded Plaintiff with invasive telemarketing solicitations in clear violation of the TCPA.

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required.  Defendant states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 3.

4.      Now, Plaintiff brings this class action on behalf of himself, and all others harassed by Defendant and its unlawful telemarketing tactics.

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 4.

**PARTIES**

5.      Plaintiff, George Caplan, is a natural person and a citizen of Massachusetts where he intends to remain.

**ANSWER:**   Defendant lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 5 and on that basis, denies each and every allegation contained in Paragraph 5.

6.      Defendant, Medical Guardian, LLC, is a limited liability company incorporated in Pennsylvania and with its principal place of business at 1818 Market Street, Suite 1200, Philadelphia, PA.

**ANSWER:**    Admitted.

## JURISDICTION AND VENUE

7.      This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C. § 227.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 7.

8.      This Court has personal jurisdiction over Defendant because it directed telemarketing calls to Massachusetts which establishes sufficient minimum contacts for claims arising from those telemarketing calls. As explained herein, Plaintiff received telephone solicitations to his telephone with an area code "978" which is associated with Massachusetts. [1] Thus, Defendant knew, or should have known, that it was directing telephone solicitations into Massachusetts.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 8.  By way of further response, Defendant denies Plaintiff's allegations that it placed telephone solicitations or telemarketing calls to him.

---

[1] North American Area Codes, AT&T (Oct. 2017)

https://www.att.com/ecms/dam/att/smb/help/pdf/Area-Codes-N-America-by-State.pdf.

9.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 9.

## BACKGROUND

### *The Telephone Consumer Protection Act*

10.    Congress enacted the Telephone Consumer Protection Act ("TCPA") to combat "the proliferation of intrusive, nuisance calls to consumers and businesses from telemarketers." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021) (internal quotation omitted).

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  Defendant states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 10.

11.    As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 591 U.S. 610, 613 (2020).

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  Defendant states that the TCPA speaks for itself and denies any allegations that are

inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 11.

12.    "The result of the telemarketing regulations was the national Do-Not-Call registry. See 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 12.

13.    As used herein, "TCPA" refers to both the federal statute 47 U.S.C. § 227 et seq. and its implementing regulations 47 C.F.R. § 64.1200 et seq.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 13.

14.    The TCPA establishes a "private right of action" whereby persons can seek both injunctive and monetary relief. 47 U.S.C. §§ 227(b)(3), (c)(5).

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  Defendant states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 14.

15.    For damages, the TCPA provides "$500 in damages for each such violation[.]" 47 U.S.C. §§ 227(b)(3), (c)(5). However, the TCPA provides treble damages of $1,500 for each "willful" or "knowing" violation. Id.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  Defendant states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 15.

16.    Telemarketing is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to a person." 47 C.F.R. § 64.1200(f)(13).

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 16.

17.    The term "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services[.]" 47 C.F.R. § 64.1200(f)(15).

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 17.

18.    The TCPA prohibits the use of artificial or prerecorded voices when calling cellular telephone numbers. 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  Defendant states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 18.

19.    The TCPA prohibits the use of artificial or prerecorded voices when calling residential telephone numbers. 47 U.S.C. § 227(b)(1)(B).

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  Defendant states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 19.

20.    The TCPA prohibits calling any "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. §§ 64.1200(c)(2). Notably, "[s]uch do-not-call registrations must be honored indefinitely[.]" Id.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  Defendant states that the TCPA and its implementing regulations speak for themselves

and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 20.

21.    For such violations, the TCPA provides a private right of action for any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]" 47 U.S.C. § 227(c)(5).

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  Defendant states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 21.

### Plaintiff George Caplan

22.    Plaintiff is an individual and a "person" under the meaning of 47 U.S.C. § 153(39).

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  Defendant states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 22.

23.    Plaintiff's residential cellular telephone number is (978) 496-XXXX (the "telephone number").

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a basis as to the truth of the factual allegations in Paragraph 23 and on that basis, denies each and every factual allegation contained in Paragraph 23.  The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

24.     To avoid unsolicited telemarketing calls, Plaintiff personally placed his telephone number on the National Do-Not-Call Registry on April 27, 2019. Since then, Plaintiff has not removed his telephone number from the National Do-Not-Call Registry.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a basis as to the truth of the factual allegations in Paragraph 24 and on that basis, denies each and every factual allegation contained in Paragraph 24.   The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

25.     Plaintiff uses his telephone number for personal, residential, and household purposes (such as calling friends, family, and scheduling personal appointments).

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a basis as to the truth of the factual allegations in Paragraph 25 and on that basis, denies each and every factual allegation contained in Paragraph 25.   The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

26.     Plaintiff essentially pays for his cellphone usage on a per-minute basis, as his prepaid service provides a limited allotment of call minutes that are consumed with each call.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a basis as to the truth of the factual allegations in Paragraph 26 and on that basis, denies each and every factual allegation contained in Paragraph 26.   The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

27.     Plaintiff has not used his telephone number for business purposes.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a basis as to the truth of the factual allegations in Paragraph 27 and on that basis, denies each and every factual

allegation contained in Paragraph 27.  The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

28.    Plaintiff has not associated his telephone number with any business.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a basis as to the truth of the factual allegations in Paragraph 28 and on that basis, denies each and every factual allegation contained in Paragraph 28.  The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

29.    Plaintiff has never received a reimbursement from any business for his telephone number.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a basis as to the truth of the factual allegations in Paragraph 29 and on that basis, denies each and every factual allegation contained in Paragraph 29.  The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

30.    Plaintiff has never taken a business-related tax-deduction for his telephone number.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a basis as to the truth of the factual allegations in Paragraph 30 and on that basis, denies each and every factual allegation contained in Paragraph 30.  The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

31.    Plaintiff is not a current or former customer of Defendant.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 31.

32.    Plaintiff has never had a business relationship with Defendant.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 32.

33.    Plaintiff never provided his telephone number to Defendant.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 33.

34.    Plaintiff has never consented to receive the alleged telephone solicitations from Defendant.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 34.  By way of further response, Defendant denies Plaintiff's allegations that it placed telephone solicitations to him.

***Defendant Engages in Telemarketing***

35.    Defendant is a company that provides "remote patient monitoring and healthcare services."[2]

**ANSWER:**    Admitted in part and denied in part.  It is admitted that Defendant provides remote patient monitoring and healthcare services.  By way of further response, the website referenced in Paragraph 35 and footnote 2 speaks for itself and any mischaracterization of its terms is denied.

36.    Simply put, Defendant sells medical alert devices and services.

**ANSWER:**    Admitted.

---

[2]About Us, MEDICAL GUARDIAN, https://www.medicalguardian.com/about-us (last visited December 23, 2025).

37.     A screenshot of Defendant's website is provided below.[3]



**ANSWER:**     Admitted in part and denied in part.  It is admitted that Paragraph 37 contains a screenshot of Defendant's website.  By way of further response, the screenshot and website referenced in Paragraph 37 and footnote 3 speaks for themselves and any mischaracterization of their terms is denied.

38.     Notably, in Defendant's industry, telemarketing is a widespread and standard practice.[4]

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 38.  By way of further response, the website referenced in Paragraph 38 and footnote 4 speaks for itself and any mischaracterization of its terms is denied.

39.     To sell its medical alert devices and services, Defendant (or its third-party agents) engages in telemarketing campaigns.

---

[3] *Id.*
[4] Occupational Employment and Wage Statistics: Telemarketers, U.S. CENSUS BUREAU (May 2023) https://www.bls.gov/oes/2023/may/oes419041.htm.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 39.

40.    Defendant has already received numerous complaints about its unlawful telemarketing practices.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 40.

41.    Screenshots of consumer complaints to the Better Business Bureau are provided below.[5]

---

[5] Medical Guardian Business Profile, BETTER BUSINESS BUREAU,
https://www.bbb.org/us/pa/philadelphia/profile/medical-alarm/medical-guardian-llc-0241-194803929/complaints?sort=recent&status=&type=salesadvertising (last visited December 23, 2025).



**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 41.  By way of further response, the screenshot and website referenced in Paragraph 41 and footnote 5 speak for themselves and any mischaracterization of their terms is denied.

***Defendant violated the TCPA***

42.    As explained below, Defendant violated the TCPA numerous times.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  Defendant states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 42.

43.     On November 5, 2025, at 1:26 PM, Defendant used the telephone number (978) 654-3778 to place a prerecorded call to Plaintiff.

**ANSWER:**    Denied.  It is denied that Defendant placed a telephone call to Plaintiff on November 5, 2025 using a telephone number of (978) 654-3778.  The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

44.     Plaintiff answered the call, and Defendant then attempted to solicit Plaintiff to purchase Medical Guardian's medical devices.

**ANSWER:**    Denied.  It is denied that Defendant placed a telephone call to Plaintiff on November 5, 2025.  The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

45.     Plaintiff was not interested in purchasing Defendant's products or services.

**ANSWER:**    Denied.  It is denied that Defendant placed a telephone call to Plaintiff on November 5, 2025.  The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

46.     Despite this, on November 12, 2025, at 8:39 a.m., Defendant used telephone number (978) 925-9531 to place a prerecorded call to Plaintiff.

**ANSWER:**    Denied.  It is denied that Defendant placed a telephone call to Plaintiff on November 12, 2025 using a telephone number of (978) 925-9531.  The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

47.     Plaintiff answered the call, and Defendant again attempted to solicit Plaintiff to purchase Medical Guardian's medical devices.

**ANSWER:**    Denied.  It is denied that Defendant placed a telephone call to Plaintiff on November 12, 2025.  The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

48.    The aforementioned calls were "spoofed" to appear as though they originated from phone numbers (978) 654-3778 and (978) 925-9531. "Spoofing" is a technique that is used to conceal the true identity of the caller and unlawful nature of the call. Spoofed calls frequently display the same area code as the call recipient to deceive individuals into believing the call is legitimate or from someone they recognize, thereby increasing the likelihood that the call will be answered.

**ANSWER:**    Denied.  It is denied that Defendant placed a telephone call to Plaintiff on November 5, 2025 or November 12, 2025.  In addition, Defendant denies Plaintiff's allegations that it utilized spoofing to place calls to him.  The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

49.    The telephone calls featured a crisp and articulate voice characteristic of a "chatbot" and noticeably lacked the typical pauses, missteps, and "filler words" (e.g., "um") that characterize normal human speech. Thus, on information and belief, the telephone calls in question used a prerecorded or artificial voice.

**ANSWER:**    Denied.  It is denied that Defendant placed a telephone call to Plaintiff on November 5, 2025 or November 12, 2025.  The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

50.    The prerecording then transferred Plaintiff to a representative who further attempted to solicit Plaintiff to purchase Medical Guardian's medical devices.

**ANSWER:**    Denied.  It is denied that Defendant placed a telephone call to Plaintiff on November 5, 2025 or November 12, 2025.  The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

51.    The aforementioned telephone solicitations to Plaintiff were unwanted, nonconsensual encounters, as Plaintiff never provided his consent or requested the calls.

**ANSWER:**    Denied.  It is denied that Defendant placed a telephone call to Plaintiff on November 5, 2025 or November 12, 2025.  The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required.

52.    Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 52.

53.    On information and belief, Defendant will continue to place numerous telephonic solicitations to Plaintiff and Class Members.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 53.

## CLASS ACTION ALLEGATIONS

54.    Plaintiff brings this class action under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3), individually and on behalf of the following:

> **National Do-Not-Call Registry Class**: All persons in the United States (1) whose telephone numbers were on the National Do-Not-Call Registry for at least 31 days (2) but then received two or more telephone calls from, or on behalf of, Defendant (3) during a 12-month period and (4) within four years prior to the commencement of this litigation and up until the date of trial.

> **Prerecorded Voice Class**: All persons in the United States (1) whose telephone number (2) received one or more telephone calls from, or on behalf of, Defendant (3) during a 12-month period, (4) within four years prior to the commencement of this litigation and up until the date of trial, and (5) when the telephone call used a prerecorded or artificial voice.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 54.

55.    Together, the various classes are referred to as the "Class."

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 55.

56.    Excluded from the Class are Defendant, its agents, affiliates, parents, subsidiaries, any entity in which Defendant has a controlling interest, any Defendant officer or director, any successor or assign, and any Judge who adjudicates this case, including their staff and immediate family.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 56.

57.     Plaintiff reserves the right to amend the class definition.

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 57.

58.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on class-wide bases using the same evidence as would be used to prove those elements in individual actions asserting the same claims.

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 58.

59.     **Ascertainability**. All members of the proposed Class are readily ascertainable from information in Defendant's custody and control. Specifically, all members of the proposed Class can be ascertained through analysis of Defendant's phone records.

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 59.

60.     **Numerosity**. The Class Members are so numerous that joinder of all Class Members is impracticable. Upon information and belief, the proposed Class includes at least several thousand members. After all, telemarketing campaigns necessarily involve communication with large groups of people.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 60.

61.    **Typicality**. Plaintiff's claims are typical of those of Class Members because all such claims arise from Defendant's unlawful telemarking practices.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 61.

62.    **Adequacy**. Plaintiff will fairly and adequately protect the proposed Class's common interests. His interests do not conflict with Class Members' interests. And Plaintiff's counsel has substantial experience in complex class action litigation and an expertise in TCPA litigation.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 62.

63.    **Commonality and Predominance**. Plaintiff's and the Class's claims raise predominantly common fact and legal questions—which predominate over any questions affecting individual Class Members—for which a class wide proceeding can answer for all Class Members. In fact, a class wide proceeding is necessary to answer, inter alia:

a.    whether Defendant violated the TCPA;

b.  whether Defendant violated the TCPA willfully and knowingly;

c.  whether Plaintiff is entitled to statutory damages;

d.  whether Plaintiff is entitled to treble damages;

e.  whether Defendant should be enjoined from further TCPA violations.

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 63.

64.   **Superiority**. A class action will provide substantial benefits and is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class Members are relatively small compared to the burden and expense that individual litigation against Defendant would require. Thus, it would be practically impossible for Class Members, on an individual basis, to obtain effective redress for their injuries. Not only would individualized litigation increase the delay and expense to all parties and the courts, but individualized litigation would also create the danger of inconsistent or contradictory judgments arising from the same set of facts. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, ensures economies of scale, provides comprehensive supervision by a single court, and presents no unusual management difficulties.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 64.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do-Not-Call Registry Class)**

65.     Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

**ANSWER:**     This incorporation requires no answer.

66.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, by making telemarketing solicitations, except for emergency purposes, to the Plaintiff and the National Do-Not-Call Class despite their numbers being on the National Do-Not- Call Registry.

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required. Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 66.

67.     Defendant violated the TCPA willfully or knowingly.

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required. Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 67.

68.     Plaintiff and National Do-Not-Call Class Members seek statutory damages of $500 (or $1,500) for each unlawful telephone call.

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required. Defendant states that the TCPA and its implementing regulations speak for themselves

and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 68.

69.     Plaintiff and National Do-Not-Call Class Members seek injunctive relief prohibiting Defendant from making further unlawful telephonic solicitations to Plaintiff and National Do-Not-Call Class Members.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 69.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the Prerecorded Call Class)**

70.     Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

**ANSWER:**    This incorporation requires no answer.

71.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, by making telephonic solicitations, except for emergency purposes, to the Plaintiff and the Prerecorded Call Class while using a prerecorded and/or artificial voice.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 71.

72.     Defendant violated the TCPA willfully or knowingly.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 72.

73.    Plaintiff and Prerecorded Call Class Members seek statutory damages of $500 (or $1,500) for each unlawful telephone call.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 73.

74.    Plaintiff and Prerecorded Call Class Members seek injunctive relief prohibiting Defendant from making further unlawful telephonic solicitations to Plaintiff and Prerecorded Call Class Members.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 74.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming any burden of pleading or proof that would otherwise rest on Plaintiff.  All defenses are pleaded in the alternative and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. All defenses pleaded below are based upon Defendant's current understanding of the claims asserted by Plaintiff, and Defendant reserves the right to plead additional defenses when and if they become appropriate and/or available in this action.  Defendant may assert additional

affirmative defenses to which it may be entitled, or which may be developed during discovery, including unique affirmative defenses applicable to different putative class members of Plaintiff's proposed classes insofar as class certification has not been granted and is not appropriate. In further response to the Complaint, Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint and each purported claim contained therein fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Article III Standing)

The Court lacks the necessary subject matter jurisdiction over the claims that Plaintiff has asserted because Plaintiff has not alleged or suffered a particularized, concrete harm, fairly traceable to Defendant's alleged conduct, to satisfy Article III standing.

## THIRD AFFIRMATIVE DEFENSE
### (Lack of Standing)

The Complaint and each purported claim contained therein are barred to the extent that Plaintiff or any member of the putative classes lacks standing because they have not incurred a loss.

## FOURTH AFFIRMATIVE DEFENSE
### (No Statutory Standing)

Plaintiff is not within the "zone of interests" protected by the TCPA and thus lacks statutory standing to assert such claims against Defendant.

## FIFTH AFFIRMATIVE DEFENSE
### (First Amendment)

The TCPA violates the First Amendment of the U.S. Constitution on its face and as applied.

## SIXTH AFFIRMATIVE DEFENSE
### (Unconstitutional Vagueness and Overbreadth)

Interpretations of the TCPA upon which the Complaint is based are unconstitutionally vague and overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth Amendment to the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE
### (Due Process)

The statutory damages allowed under the TCPA violate Defendant's substantive due process rights under the Fifth and Fourteenth Amendments to the Constitution of the United States of America, as they are grossly disproportionate to the damages incurred by Plaintiff, which are inconsequential or immaterial.

## EIGHTH AFFIRMATIVE DEFENSE
### (Excessive Penalties)

The statutory penalties sought by Plaintiff and members of the putative classes are excessive and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution.

## NINTH AFFIRMATIVE DEFENSE
### (Prior Express Consent)

The Complaint and each purported claim contained therein are barred to the extent that Plaintiff or any member of the putative classes provided consent for the alleged calls to Defendant, or any third-party not named in the Complaint, including, without limitation, "prior express consent" under the TCPA.

## TENTH AFFIRMATIVE DEFENSE
### (Not a Residential Telephone Line)

Plaintiff's telephone number is not a "residential telephone number" actionable under the TCPA and its implementing regulations because Plaintiff currently holds and/or previously held this number out to the public as a business number. In addition, the Phone Number is not a "residential telephone number" actionable under the TCPA and its implementing regulations because, in creating 47 U.S.C. § 64.1200, the Federal Communications Commission exceeded its authority in extending the protections afforded to "residential telephone subscribers" under 47 U.S.C. §227(c) to cell phones.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Estoppel, Laches, Unclean Hands, Ratification, Satisfaction, and Statute of Limitations)

The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of estoppel, laches, unclean hands, ratification, satisfaction and/or applicable statutes of limitations.

## TWELFTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

Plaintiff and members of any putative class have waived their right to recover herein, in whole or in part, and/or their claims are barred by estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

Any damages sustained by Plaintiff or members of any putative class must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than Defendant, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

## FOURTEENTH AFFIRMATIVE DEFENSE
**(Good Faith)**

Defendant at all times acted in good faith and within reasonable commercial standards as to the matters alleged in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE
**(Plaintiffs' Own Actions or Inaction)**

Plaintiff's damages, and the damages of the members of the putative classes, if any, have been caused by his own action or inaction.

## SIXTEENTH AFFIRMATIVE DEFENSE
**(Defenses Specific to Class Members)**

Defendant may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed classes. Defendant reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

## SEVENTEENTH AFFIRMATIVE DEFENSE
**(Substantial Compliance with Law)**

Defendant is not liable to Plaintiff or members of the putative classes because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws and qualifies for all exemptions and Safe Harbors provided by the TCPA and its corresponding regulations.

## EIGHTEENTH AFFIRMATIVE DEFENSE
**(No Duplicative Relief)**

To the extent that any relief sought by Plaintiff would be duplicative of relief sought by Plaintiff in other lawsuits, subjecting Defendant to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Settlement Credits)

In the event that a settlement is reached between Plaintiff or any other putative class member, on the one hand, and any other person or entity on the other hand, Defendant is entitled to any settlement credits permitted by law.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Not Knowing or Willful)

Plaintiff is precluded from any recovery from Defendant for a willing and knowing violation of the TCPA because any such violation, which Defendant denies occurred, would not have been willful or knowing.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Defendant Did Not Place Calls to Plaintiff)

Plaintiff's claims are barred because neither Defendant nor its agents placed any telephone calls to Plaintiff at the telephone number supplied in the Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Mitigation)

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate any of his alleged damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction – Non-Resident Putative Class Member(s))

The Court lacks personal jurisdiction over Defendant as to the claims of any non-resident putative class member(s). *See Bristol-Myers Squibb v. Super. Ct. of Calif.*, 137 S. Ct. 1773 (2017).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Claims Barred by Other States' Laws)

Plaintiff's claims, and the claims of some or all putative class members, may be barred by the various laws of the 50 states, including statutes, regulations and common laws related to the allegations of wrongdoing addressed by other state's laws.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Failure to Plead Basis for Class Certification)

Plaintiff has not pled an adequate basis for class certification and that class relief or certification is appropriate because the required elements of adequacy, commonality, typicality and preponderance are not present in the instant case.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Class Certification Cannot be Met)

The pre-requisites for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure cannot be met because, among other reasons, joinder of all members of the putative class is not practicable; individual questions of fact and law predominate over common issues; Plaintiff's claims are not typical of the claims and/or defenses of other putative class members; Plaintiff is not an adequate representative for the putative class; and a class action is not superior to other available methods of fair and efficient adjudication of the controversy.  In addition, the prerequisites for class certification cannot be met because the claims alleged, by their nature, raise factual issues of reliance, intent and other elements that cannot be addressed on a class basis.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Established Business Relationship)

Plaintiff's claims are barred by the existence of the established business relationship exception to claims under the TCPA.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
**(Reservation of Rights)**

Defendant reserves the right to raise additional affirmative defenses to which it may be entitled or which may be developed in the course of discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that the Court enter a judgment against Plaintiff and for Defendant:

1.    That Plaintiff take nothing by reason of the Complaint;

2.    That judgment be entered in favor of Defendant and against Plaintiff;

3.    For costs incurred by Defendant herein, if and to the extent permitted by law; and

4.    Granting such other and further relief as this Court may deem just and proper.


Respectfully submitted,

Dated: February 19, 2026

*/s/Michael A. Deiulis*
Michael A. Deiulis (BBO# 691495)
**BLANK ROME LLP**
125 High Street, 3rd Floor
Boston, MA 02110
(617) 415-1200
michael.deiulis@blankrome.com
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I, Michael A. Deiulis, hereby certify on this 19th day of February 2026, that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

*/s/ Michael A. Deiulis*
Michael A. Deiulis (BBO# 691495)

145502.00041/157097528v.1